1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

DOROTHY O. ATKINS,

     Plaintiff,

    v.

DEPARTMENT OF LABOR &
INDUSTRIES,

     Defendant.

Case No.  C05-1858L

ORDER DENYING MOTION TO
AMEND; ORDER OF DISMISSAL

16

17

18

19

20

21

22

    On November 16, 2005 the Court issued an order to show cause to plaintiff Dorothy Atkins, explaining that "[i]t appears from plaintiff's submission that this Court lacks subject matter jurisdiction over plaintiff's lawsuit for two reasons."  (Dkt. #2).  The Court explained that the Department of Labor and Industries is immune from lawsuits in federal court because it is an agency of the State of Washington.  The Court further explained that federal courts do not have subject matter jurisdiction to hear lawsuits seeking appellate review of final, adverse state court rulings.

23

24

25

26

27

    In response, plaintiff filed a motion to amend and a response to the order to show cause. In her motion to amend, plaintiff seeks to change the name of the defendant to the University of Washington.  Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Court considers four factors in deciding whether to grant leave to amend: "bad faith,

28

ORDER DENYING MOTION TO
AMEND; ORDER OF DISMISSAL - 1

1   undue delay, prejudice to the opposing party, and the futility of amendment." <u>Kaplan v. Rose</u>,

2   49 F.3d 1363, 1370 (9th Cir. 1994).  In this case, the amendment would be futile.  The

3   University of Washington, as an arm of the state, is immune from suit under the doctrine of

4   sovereign immunity.  <u>See, e.g.</u>, <u>Goodisman v. Lytle</u>, 724 F.2d 818, 820 (9th Cir. 1984).

5   Moreover, the events of which plaintiff complains occurred between 1975 and 1995.  Therefore,

6   her claims against the University are barred by the applicable statutes of limitations.  <u>See, e.g.</u>,

7   <u>RK Ventures, Inc. v. City of Seattle</u>, 307 F.3d 1045, 1062 n.14 (9th Cir. 2000) (noting three-

8   year statute of limitations for claims pursuant to 42 U.S.C. § 1983); <u>Coe v. Taylor</u>, 48 Fair

9   Empl. Prac. Cas. (BNA) 664 (D. Ore. 1988) (explaining that the statute of limitations for an

10  Equal Pay Act claim is two years, or three years if the violation is willful).

11         The Court also considers plaintiff's response to the order to show cause.  Plaintiff's

12  response did not address either of the two deficiencies noted by the Court in its order to show

13  cause.  The Court concludes that it lacks subject matter jurisdiction for the reasons previously

14  set forth in its order to show cause.  Finally, plaintiff requests that the Court transfer her case to

15  the United States Supreme Court.  The Court, however, cannot transfer the case when it lacks

16  subject matter jurisdiction over it.  If plaintiff wishes to have her case considered by the

17  Supreme Court, she should follow the Rules of the Supreme Court of the United States to seek

18  review.

19         Accordingly, plaintiff's motion to amend (Dkt. #8) is DENIED as futile.  This case is

20  DISMISSED for lack of subject matter jurisdiction.

22         DATED this 5th day of January, 2006.

25                                  _MhS Casnik_
                                    Robert S. Lasnik
26                                  United States District Judge

28  ORDER DENYING MOTION TO
    AMEND; ORDER OF DISMISSAL - 2